

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*      *(503) 727-1000*
*Portland, OR 97204-2902*      *Fax (503) 727-1117*

December 15, 2014

Mr. James F. Halley, Esq.
735 SW First Avenue
Second Floor
Portland, OR 97204

> Re:    *United States v. Antonio Stephens*, Case No. 3:14-CR-00044-BR
>        Plea Agreement

Dear Counsel:

Please review this offer with your client and confirm with me that you have done so and whether he accepts or rejects it.

1.    **Parties/Scope:**  This plea agreement is between the United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges:**  Defendant agrees to plead guilty to Count 3 of the Superseding Indictment, violation of the Mann Act, Title 18, United States Code, Section 2421.  In return, the government will move to dismiss the remaining counts against defendant at sentencing, including Count 1 (which would have required a 10-year mandatory minimum sentence), and Count 2 (which would have required a 15-year mandatory minimum sentence).

3.    **Penalties:**  The maximum sentence for a Mann Act conviction is ten years in prison, a fine of $250,000, a mandatory minimum five-year term of supervised release and a lifetime maximum term of supervised release, and a $100 fee assessment for each count.  Defendant agrees to pay the $100 fee assessment by the time of sentencing or explain to the Court why this cannot be done.

4.    **Elements and Facts:**  Defendant agrees that the government must prove, and can prove, beyond a reasonable doubt, the following essential elements of the Mann Act:

> (a)    First, the defendant knowingly transported a person, or caused a person to be transported, in interstate commerce; and

> (b)    Second, the defendant transported the person, or caused the person to be transported, with the intent that such person engage in prostitution.

Mr. James F. Halley, Esq.
Plea Agreement for Antonio Stephens
Page 2

Defendant admits that on or about January 3, 2013, in the District of Oregon and elsewhere, he knowingly transported a person named "S.D." in interstate commerce from the State of Washington to the State of Oregon, while having the intent that "S.D." engage in commercial sex acts (*i.e.,* prostitution). Although this factual admission is narrow in scope, defendant admits that his relevant conduct in this case with regard to S.D., as well as others, is sufficient to justify the sentence jointly recommended herein.

5.      **Dismissal/No Additional Prosecution:**   The USAO will move to dismiss at sentencing any remaining counts against defendant. The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6.      **Sentencing Factors:**   The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Acceptance of Responsibility:**   Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. §3E1.1 for his unlawful conduct in this case. If defendant does so before the expiration date set forth below, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.      **Advisory Guideline Calculation:**   The parties stipulate and agree to the following U.S.S.G. provisions:

| | | |
|---|---|---|
| (1) U.S.S.G. § 2G1.1(a)(2) | - Base offense level | 14 |
| (2) U.S.S.G. § 2G1.1(b)(1) | - Specific offense characteristic | +4 |
| (3) U.S.S.G. § 3E1.1 | - Acceptance of responsibility | $\underline{-3}$ |
| | | = 15 |

The parties anticipate that defendant's criminal history category is CHC III. The parties agree and acknowledge that the sentence recommended herein is not driven by the guidelines calculation, but rather is based upon and the factors listed in 18 U.S.C. § 3553(a), specifically, the nature of the relevant conduct surrounding the offense of conviction.

9.      **Additional Departures, Adjustments, or Variances:**   The parties agree not to seek any departures, adjustments, or variances to the advisory sentencing guideline range, except as specified in this agreement.

Mr. James F. Halley, Esq.
Plea Agreement for Antonio Stephens
Page 3

10.    **Sentencing Recommendation:**   In consideration of the government's agreement to dismiss Counts 1 and 2 (which would have required lengthy mandatory minimum sentences), defendant's early acceptance of responsibility, to spare the victims in this case from having to testify at trial or sentencing, and having considered all relevant factors set forth at 18 U.S.C. § 3553, the parties agreed to recommend jointly a sentence of 87 months in prison, to be followed by a supervised release term of five years.   The USAO will make this recommendation so long as defendant demonstrates an acceptance of responsibility as explained above, and so long as he does not seek release from confinement.

11.    **Restitution:**   Defendant agrees that the victim described in Count 3 of the indictment is entitled to restitution for the costs of any physical or mental treatment that occurred after and as a result of the commission of the offense.   Defendant stipulates and agrees to the entry of an order requiring the payment of full restitution.   Included within the restitution order is any agency that is paying or has previously paid for the cost of the treatment to the victim.   The amount is immediately payable in full and due in an amount to be described by the government at sentencing. If the defendant cannot pay the entire remaining balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the court.

12.    **Waiver of Appeal/Post-Conviction Relief:**   Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum.   Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.   Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.    **Sex Offender Registration.**   Although defendant will not be subject to the requirements of the federal Sexual Offender Registration Notification Act (SORNA), defendant understands that he *may* be subject to sex offender registration requirements under state law, depending upon in which state defendant chooses to reside.   Defendant further understands that failure to comply with sex offender registration requirements may subject him to prosecution under state law for failing to register as a sex offender.

14.    **Court Bound:**   If the Court accepts the parties' plea agreement, the Court agrees to be bound by the recommended sentence of the parties.   Because this agreement is made under Rule 11(c)(l)(C) of the Federal Rules of Criminal Procedure, the parties may rescind the agreement and defendant may withdraw his plea if the Court declines to follow the parties' agreement or recommendations.

15.    **Full Disclosure/Reservation of Rights:**   The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.   Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Mr. James F. Halley, Esq.
Plea Agreement for Antonio Stephens
Page 4

16.    **Breach of Plea Agreement:**   If defendant breaches the terms of this agreement, commits any new criminal offenses between signing this agreement and sentencing, or seeks release from confinement, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

17.    **Memorialization of Agreement:**   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.    **Deadline:**   This plea offer expires if not accepted by **December 31, 2014, at 5 p.m.**

Sincerely,

S. AMANDA MARSHALL
United States Attorney

STACIE F. BECKERMAN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

_1/15/15_
Date

Antonio Stephens, Defendant

I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_1/15/15_
Date

James F. Halley, Attorney for Defendant